UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 09-000237-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| KIMBERLY DENISE HENTON | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

On September 7, 2010, this Court sentenced Defendant Kimberly Denise Henton ("Henton") to serve a term of imprisonment of 24 months. Henton is currently serving her term of imprisonment at a Bureau of Prisons ("BOP") facility with a projected release date in August 2012.

On February 11, 2011, Henton wrote the Court a letter [Doc. No. 104] requesting a compassionate release from prison. According to Henton, her daughter, Angela Henton, has been living at the Methodist Children's Home in Ruston, Louisiana, since she was thirteen years old, but she is now eighteen years old and will not be permitted to live at the Home after November 2011. Henton contends that she needs to be released, so she can provide a home for her daughter.

A prisoner can obtain a compassionate release under federal law in very limited circumstances. Pursuant to 18 U.S.C. § 3582(c)(1)(A),

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

>
> imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . .

In this case, Henton must first pursue a release through the BOP and request that it file a motion on her behalf. There is no indication that Henton has exhausted her administrative remedies, and the BOP has not filed a motion on her behalf. Thus, the Court has no authority to release her from prison under § 3582(c)(1)(A).

The Fifth Circuit has determined that an inmate may seek release by filing a petition under 28 U.S.C. § 2241 if the inmate "is in custody in violation of the Constitution or laws or treaties of the United States," but in the absence of such violation, a compassionate release is not a matter of illegal or unconstitutional restraint. *See Figueroa v. Chapman*, No. 08-11117, 2009 WL 2998697, at *1 (5th Cir. Sep. 21, 2009). Henton has not presented the Court with any facts to suggest that her custody violates the Constitution or laws or treaties of the United States, so, to the extent that she attempts to do so, she cannot obtain relief under § 2241 either.

The Court is pleased that Henton is focused on remaining drug-free, is attaining her GED, and is attending parenting classes. Given her projected release date, she should be beginning her transition to a halfway house in the next year. Nevertheless, the Court has no authority to reduce Henton's term of imprisonment. Therefore,

IT IS HEREBY ORDERED that Henton's letter motion for early release from imprisonment [Doc. No. 104] is DENIED.

MONROE, LOUISIANA, this 24th day of February, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE